# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

STEPHANIE SCHAVE,

       Plaintiff,

v.

NORTHEAST MICHIGAN
COMMUNITY SERVICE AGENCY, INC.,

       Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Stephanie Schave, by and through her attorneys, HURWITZ LAW PLLC, states the following for her Complaint against Defendant Northeast Michigan Community Service Agency, Inc.:

## INTRODUCTION

1

1. Defendant violated the Fair Labor Standards Act ("FLSA") by depriving Plaintiff of overtime pay for compensable hours work. Plaintiff's job duties included unpaid volunteer work during the summer, monitoring e-mails and texts when off the clock, and covering for lead teacher absences.

## PARTIES AND JURISDICTION

2. Plaintiff Stephanie Schave resides in Oscoda, Michigan, which is located in the County of Oscoda.

3. Defendant is a domestic nonprofit corporation with a principal place of business located at 2569 US-23 South, Alpena, Michigan.

4. The U.S. District Court for the Eastern District of Michigan has jurisdiction over the claim under the Fair Labor Standards Act of 1938 ("FLSA") pursuant to 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391 because this is the judicial district where a substantial part of the events giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed as a Family Services Assistant from April 17, 2019, until her termination on February 4, 2022.

### Plaintiff was Deprived Overtime Pay

7. Plaintiff was eligible for overtime pay.

8. Plaintiff was required to perform unpaid compensable work throughout

2

her employment.

9. Plaintiff had to check email messages, post to Facebook, monitor the phone, recruit for the program, and distribute flyers and business cards.

10. Plaintiff was unlawfully instructed that she could only receive up to five hours of overtime, but at regular pay.

11. Plaintiff was told to document lunches that never occurred to make sure that her schedule stayed under 45 hours.

12. Defendant called the process of depriving Plaintiff of overtime pay "flexing."

13. For example, if Plaintiff were to start earlier or end her workday later, she would be told to alter her reported hours to stay under 40 hours (or 45 hours when she had overtime permission).

14. If she worked more than 45 hours, she was told that she had to fabricate her reported work hours so that the numbers "looked right."

15. Plaintiff did not clock in or clock out.

16. Instead, Plaintiff filled out her time sheets on Friday afternoons.

17. Defendant willfully deprived Plaintiff pay for all hours worked.

18. Plaintiff is owed all unpaid overtime in exact amounts to be determined from three years prior to the filing of this lawsuit until her termination February 4, 2022.

## COUNT I
## Violation of Fair Labor Standards Act of 1938 ("FLSA")

19. Plaintiff restates the foregoing paragraphs as set forth herein.

20. Plaintiff was an "employee" or "individual employed by an employer" under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 203(e).

21. Defendant was an "enterprise engaged in commerce" during all relevant times under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 203(s).

22. Plaintiff was a Family Services Assistant and not exempt from overtime pay.

Defendant's actions were intentional and willful.

23. Plaintiff is owed all unpaid overtime in exact amounts to be determined from three years prior to the filing of the lawsuit until her termination on or around February 4, 2022.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Attorneys' fees and costs; and

e. Such other relief as in law or equity may pertain.

Respectfully Submitted,

                                        HURWITZ LAW PLLC

                                        /s/ *Noah S. Hurwitz*
                                        Noah Hurwitz (P74063)
                                        Attorneys for Plaintiff
                                        340 Beakes St., Suite 125
                                        Ann Arbor, MI 48104
                                        (844) 487-9489
Dated: December 27, 2022          *noah@hurwitzlaw.com*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

STEPHANIE SCHAVE,

      Plaintiff,

v.

NORTHEAST MICHIGAN
COMMUNITY SERVICE AGENCY, INC.,

      Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Stephanie Schave, by and through her attorneys, Hurwitz Law PLLC, hereby demands a trial by jury in the above-captioned matter for all issues triable.

                                              Respectfully Submitted,
                                              HURWITZ LAW PLLC

                                              */s/ Noah S. Hurwitz*
                                              Noah S. Hurwitz (P74063)
                                              *Attorney for Plaintiff*

Dated: December 27, 2022